**In re Billy Wray STANLEY, Debtor.**

**AETNA CASUALTY & SURETY COMPANY, as subrogee of Parklane Associates, Inc., Plaintiff,**

v.

**Billy Wray STANLEY, Defendant.**

Bankruptcy No. 92–12525.
Adv. No. 92–1179.

United States Bankruptcy Court,
D. Rhode Island.

March 30, 1993.

Christine L. McBurney, Pawtucket, RI, for debtor/defendant.

Louis A. Geremia, Cuzzone, Geremia & Civittolo, Providence, RI, trustee.

Michael R. DeLuca, Gidley, Sarli & Marusak, Providence, RI, for plaintiff.

### ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Before us in the captioned § 523 dischargeability proceeding is a discovery dispute, wherein the Defendant seeks information as to Plaintiff's out-of-pocket loss caused by the Defendant. This Debtor has already stipulated to judgment in the Rhode Island Supreme Court in the amount of $25,000, in an action where the Plaintiff alleged that the Defendant committed "fraudulent and dishonest acts," and conversion. In addition, the complaint in this Court alleges, without specific denial, that the Defendant pleaded guilty to a state criminal charge of larceny regarding the property in question.

Aetna, which paid $37,000 under a blanket crime bond in connection with the Defendant's admitted fraudulent and criminal conduct, argues that the issues now sought

---

to be raised by the Defendant have been previously adjudicated in the state court. In arguing res judicata in opposition to the Defendant's discovery request, however, Aetna does not go far enough. We should be considering a dispositive motion for summary judgment by Aetna, rather than an objection to Defendant's motion to compel production. Therefore, to save time and expense for all concerned, and pursuant to our authority under 11 U.S.C. § 105,[1] we will, sua sponte, treat the matter before us in summary fashion.

There are no material issues of fact in dispute—the Defendant having stipulated to judgment for a sum certain ($25,000) in response to a state court complaint alleging nondischargeable conduct. Since the Defendant was at all relevant times represented by counsel, we conclude that said judgment is res judicata in this Court, and the Plaintiff's complaint to have the above referenced judgment declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2) and (4) is GRANTED.

Enter Judgment consistent with this order.

---

1. 11 U.S.C. § 105 provides in relevant part that "[n]o provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."